IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP AND
TRAINING FUND, WISCONSIN LABORERS DRUG
FUND, JOHN SCHMITT (in his capacity as Trustee),
WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,
and WISCONSIN LABORERS DISTRICT COUNCIL,

OPINION and ORDER

21-cv-164-jdp

Plaintiffs,
v.

DANE COUNTY CONTRACTING, LLC

Defendant.

---

Plaintiffs are a labor organization and several associated employee benefit funds governed by the Employee Retirement Income Security Act (ERISA). Plaintiffs allege that defendant Dane County Contracting, LLC, failed to remit full and timely contributions to the funds on behalf of its employees. Dane County Contracting brought a counterclaim against plaintiffs, alleging that it mistakenly overpaid contributions on behalf of some of its employees. Dkt. 21.

Plaintiffs now move to dismiss Dane County Contracting's counterclaim. Dkt. 22. For the following reasons, the court will deny the motion.

BACKGROUND

"The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the [pleading]." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892

F.2d 583, 586 (7th Cir.1989)). Dane County Contracting must plead facts "that allow the court to draw the reasonable inference that the [counter-defendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009). The court takes the facts alleged in the counterclaim as true and draws all reasonable inferences in favor of the claimant. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The court may also consider documents outside the counterclaim if they are referred to in the pleading, concededly authentic, and central to the claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). The court draws the following facts from plaintiff's amended counterclaim, Dkt. 21, as well as the funds' policy on employer accounts, Dkt. 21-1, and the attached email correspondence between the parties, Dkts. 21-2–21-12.

Counter-claimant Dane County Contracting has several collective bargaining agreements with plaintiff Wisconsin Laborer's District Council. Under its agreement with the District Council, Dane County Contracting is required to make contributions for each hour worked by employees who perform work covered by the labor agreement. The agreement is silent on whether employers are required to make contributions only for hours spent performing covered work, or contributions for every hour of work performed by an employee in the bargaining unit, even if some of those hours are spent doing work not covered by the agreement. Dane County Contracting would routinely remit contributions on behalf of all its employees for all hours worked, not just hours spent on bargaining unit activities.

In December 2019, the District Council informed Dane County Contracting that it had mistakenly paid health, welfare and pension contributions on behalf of two employees, Trisha Hallman and Trevor Monahan, who were not performing covered work. The District Council told Dane County Contracting that the mistaken payments could be used as a credit against

Dane County Contracting's delinquent contribution obligations. After discussions in January and February 2020, the parties agreed to issue Dane County Contracting credits for overpayments to the health and welfare funds. In May, the District Council informed Dane County Contracting that it had erroneously paid full pension contributions on behalf of apprentices instead of the reduced apprentice contribution rate. The District Council said that those payments would also be used as a credit against Dane County Contracting's unpaid obligations. In August, the District Council told Dane County Contracting that the funds were preparing a final accounting of overpayments and credits.

In May 2021, the funds informed Dane County Contracting that they would not issue any credits related to the overpayments. The funds contended that the credits would violate Section 403(c) of ERISA, which provides that employer contributions made by mistake of law or fact may only be returned within six months of when the plan administrator determines the payments were made by mistake, because the six-month window had closed.

ANALYSIS

Dane County Contracting seeks to recover its overpayments to the funds. Employers can recover mistaken contributions to ERISA benefit plans under a federal common-law theory of restitution. *UIU Severance Pay Tr. Fund v. Loc. Union No. 18-U, United Steelworkers of Am.*, 998 F.2d 509, 513 (7th Cir. 1993). The Seventh Circuit has identified several factors to consider when deciding whether an employer is entitled to restitution for mistaken contributions to an ERISA benefit plan:

> (1) were the unauthorized contributions the sort of mistaken payments that equity demands be refunded, i.e., was it a good faith mistake or the result of unauthorized activity?

3

> (2) has the employer delayed in bringing the action?
>
> (3) has the employer somehow ratified past payments?
>
> (4) can the employer demonstrate that the party from whom it seeks payment would be unjustly enriched if recovery were denied?

*Trustmark Life Ins. v. Univ. of Chicago Hosp*, 207 F.3d 876, 883 (7th Cir. 2000) (citing *UIU Severance Pay Tr. Fund*, 998 F.2d at 513) (formatted for clarity).

Plaintiffs contend that Dane County Contracting's counterclaim does not state a claim for equitable restitution, for four reasons: (1) Dane County Contracting did not plead mistake with particularity; (2) Dane County Contracting cannot recover overpayments to the health fund because it did not plead that Hallman and Monahan ever lost their health insurance; (3) Dane County Contracting cannot recover overpayments to the pension fund because it never applied for a refund of those overpayments; and (4) Dane County Contracting does not have standing to request a refund of any union dues paid on behalf of Hallman and Monahan. The court will address these contentions in turn.

**A. Mistake**

Mistake must be pleaded with particularity, Fed. R. Civ. P. 9, so the claimant must provide "the who, what, when, where, and how" of the mistake. *Webb v. Frawley*, 906 F.3d 569, 576 (7th Cir. 2018). Dane County Contracting has adequately pleaded the who, what, when, where, and how of the alleged overpayments. Dane County Contracting alleges that it believed it had to make contributions for all hours worked, and not just those hours where employees performed covered work; it identifies the employees it made mistaken contributions on behalf of, Hallman and Monahan; and it describes the period when the mistaken payments were made.

Plaintiffs contend that these allegations are insufficient. Plaintiffs say that, under their preferred interpretation of the bargaining agreement, Dane County Contracting *was* required to make payments for Hallman and Monahan if Dane County Contracting wanted to preserve the flexibility to assign them covered work. Thus, plaintiffs argue, Dane County Contracting needed to plead that they did not intend to assign any covered work to Hallman and Monahan; otherwise, the court must assume that the payments were deliberate. *See* Dkt. 23 at 11–14.

Plaintiffs' speculation about Dane County Contracting's true motives is not germane to the sufficiency of its pleading. There are many reasons that Dane County Contracting could have made the contributions on behalf of Hallman and Monahan for hours spent performing non-covered work. But the one that Dane County Contracting pleaded was that it thought, incorrectly, that it was required to make contributions for all hours worked by employees in the bargaining unit.

**B. Health fund payments**

Plaintiffs contend that Dane County Contracting needed to plead that Monahan and Tallman did not receive health care coverage during the period that Dane County Contracting was making health fund contributions on their behalf. Plaintiffs point to *Operating Engineers Local 139 Health Fund v. Gustafson Construction Co.,* 258 F. 3d 645, 651 (7th Cir. 2001), where the Seventh Circuit held that because an employer's mistaken health fund contributions were used to provide its employees with health care coverage, the employer was not entitled to restitution.

The claim in *Gustafson* failed because the overpayments had not unjustly enriched the health fund. But *Gustafson* did not establish a categorical bar to recovery. As the Seventh Circuit noted in a similar ERISA restitution claim, whether the recipient of the overpayments was

5

unjustly enriched is of "great importance." *Trustmark Life Ins. v. Univ. of Chicago Hosp*, 207 F.3d 876, 884 (7th Cir. 2000). But the court may still consider other equitable factors. *Id.* Dismissing the claim on this ground is tantamount to deciding on the merits that restitution would be inequitable. Plaintiffs' argument is best reserved for summary judgment.

But even if the court assumes that *Gustafson* supplies the rule of decision, Dane County Contracting was not required to plead that its contributions were not used to provide its employees health insurance. *Gustafson* was decided on the merits at summary judgment, and it did not establish a rule of pleading that claimants must allege facts about how overpayments were spent in order to state a claim. Dane County Contracting had only to allege facts that sketch a plausible claim for relief. *See Iqbal,* 566 U.S. at 663. Dane County Contracting pleaded that it overpaid the funds, and it would be inequitable for the funds to retain those overpayments. That is enough to survive a motion to dismiss on this claim.

C. **Failure to request a refund**

Plaintiffs contend that Dane County Contracting needed to plead that it requested a refund for pension fund overpayments from the funds prior to filing suit. The funds' internal policy does not describe a formal refund process, but it states that refunds of mistaken contributions are governed by Section 403(c) of ERISA. All parties assume that to comply with Section 403(c)—and thus, the rules of the plan—Dane County Contracting must have "file[d] a claim" for a refund with the pension fund within six months of discovering that the contributions were made by mistake. *See* Dkt. 23, at 10; Dkt. 24, at 8.

Dane County Contracting did not need to plead that it requested a refund. The argument that an employer needed to request a refund is best understood as contending that the employer failed to exhaust its administrative remedies. *See Laborers' Pension Fund v. Nat'l*

6

*Wrecking Co.*, No. 90 C 5499, 1994 WL 513589, at *30 (N.D. Ill. Sep. 15, 1994); *Cent. States, Se. & Sw. Areas Pension Fund v. Howard Baer, Inc.*, 753 F. Supp. 241, 245 (N.D. Ill. 1991). Exhaustion of administrative remedies is an affirmative defense, and claimants are not required to negate affirmative defenses. Although claimants can plead themselves out of court if it is obvious from their allegations that the defense bars the suit, *see Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, Dane County Contracting has not done so here. Dane County Contracting has not conceded that it failed to request a refund of the funds, and its filings do not make it obvious that it failed to exhaust its remedies. Drawing all reasonable inferences in favor of Dane County Contracting, it is plausible that during the months of back-and-forth between the parties Dane County Contracting requested a refund of the pension fund payments in a way that satisfies the plan.

In their briefs, the parties raise a question that may be relevant at summary judgment: whether a plan's administrative remedies limit the recovery available in equity. In the Eighth Circuit, for example, the reasonableness of a plan's refund procedure is merely another factor to consider in deciding whether restitution is equitable. *Greater St. Louis Const. Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F.3d 1130, 1137 (8th Cir. 2012). The parties do not fully engage with that issue, and the court declines to resolve it here.

### D. Union dues

Plaintiffs contend that Dane County Contracting does not have standing to request a refund of any union dues paid on behalf of Hallman and Monahan. But Dane County Contracting's complaint seeks to recover only its "pension and health & welfare contributions," Dkt. 21, ¶ 42, and it disclaims any intent to recover dues, Dkt. 24, at 17. So there is no claim to dismiss.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to dismiss defendant Dane County Contracting's amended counterclaim, Dkt. 22, is DENIED.

Entered February 14, 2022.

                                  BY THE COURT:

                                  /s/

                                  _____

                                  JAMES D. PETERSON
                                  District Judge